UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN McGOVERN | : | |
| | : | |
| v. | : | C.A. No. 05-162T |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of the Social Security | : | |
| Administration | : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Before the Court is Plaintiff's Motion for Attorneys' Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Document No. 13). The Commissioner opposes the Motion. (Document No. 14). This Motion has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). A hearing was held on November 7, 2006. Based on my review of the administrative record, my independent legal research and my review of the parties' legal memoranda, I recommend that Plaintiff's Motion for Attorneys' Fees under EAJA be GRANTED in part.

**Background**

Plaintiff commenced this action on April 18, 2005 seeking review of a final decision of the Commissioner of the Social Security Administration denying Disability Insurance Benefits under the Social Security Act, 42 U.S.C. § 405(g). Plaintiff moved to reverse the Commissioner's decision or for Remand for further proceeding under sentence four of Section 405(g). The Commissioner moved for an order affirming the denial of benefits to Plaintiff.

The ALJ decision at issue in this case concluded that Plaintiff retained the residual functional capacity ("RFC") for light work "but is limited in his ability to perform tasks that require more than a minimal use of manual dexterity." (Tr. 25; Tr. 29, Finding 6). Since Plaintiff was found to be unable to perform "the full range of light work, the ALJ utilized an impartial vocational expert ("VE") to help him determine at Step 5 "whether or not there are a significant number of jobs in the national economy that [Plaintiff] can perform given his [RFC] and other vocational factors." (Tr. 27). The ALJ ruled for the Commissioner at Step 5 and found that Plaintiff could perform a significant number of jobs in the national economy such as inspector, cashier/clerk, packer, and usher/security guard. (Tr. 29, Finding 12).

On January 13, 2006, this Court recommended a "sentence four" remand because of certain procedural irregularities regarding the receipt of VE evidence into the record. As to Plaintiff's other substantive arguments, this Court found "no basis" for them and determined that the ALJ's RFC assessment was "supported by substantial evidence." Document No. 8 (the "R&R") at pp. 21-22. The record presented an unusual sequence regarding the taking of evidence from the VE, and this Court concluded that Plaintiff should have been granted a second supplemental hearing to test the VE's opinion. Although it is quite possible that the outcome may not change on remand, this Court determined that the nature of the deficiency in the record precluded a "harmless error" determination. The Commissioner filed a timely objection to the R&R. (Document No. 9).

On July 24, 2006, Chief Judge Torres overruled the Commissioner's objection and accepted the finding that the case should be "remanded for the sole purpose of determining whether the claimant's impairments prevent him from performing other work that exists in the national

economy." (Document No. 12).  Plaintiff's Motion for Attorneys' Fees under EAJA followed on September 22, 2006.[1]

## Discussion

EAJA requires the Government to pay fees and expenses incurred in litigation where (1) the claimant is a "prevailing party"; and (2) the Government's position was not "substantially justified." McDonald v. Sec'y of Health and Human Servs., 884 F.2d 1468, 1469 (1st Cir. 1989).  "[T]he test for determining whether the Government's position was 'substantially justified' is one of reasonableness; was [its] position reasonable both in law and fact." United States v. Yoffe, 775 F.2d 447, 450 (1st Cir. 1985).

The Commissioner does not contest Plaintiff's status as an eligible, prevailing party under EAJA.  See Shalala v. Schaefer, 509 U.S. 292, 296-97 and n.2 (1993).  Although Plaintiff did not prevail on all of his arguments, he was successful in obtaining a reversal of the benefit denial and a "sentence four" remand.  Final judgment entered in his favor.  The Commissioner, however, argues that an award of fees under EAJA is inappropriate because her position was substantially justified, i.e., reasonable.  This Court disagrees.

The Commissioner contends that her position was justified because "there is no absolute right to cross-examination in a social security case."  Document No. 14 at p. 3.  The Commissioner essentially made the same argument in her unsuccessful objection to this Court's remand recommendation.  Document No. 9 at p. 2. (citing Bush v. Apfel, 34 F. Supp. 2d 1290 (N.D. Okla. 1999)).  The Commissioner's argument misinterprets the grounds on which this case was remanded.

---

[1] Final judgment entered in favor of Plaintiff on November 7, 2006.  Although Plaintiff's EAJA Motion was filed before the entry of judgment and is premature, the Commissioner has indicated that she "does not object to this Court entering judgment at this time and ruling on Plaintiff's Petition for Attorney's Fees under EAJA and [her] Opposition thereto."  Document No. 15 at pp. 3-4.

In the R&R, this Court never concluded that Plaintiff had an absolute right to cross-examination and, in fact, never reached that issue. This case was decided by the ALJ at Step 5 who found that the Commissioner met her burden of proving that Plaintiff was able to perform work that exists in significant numbers in the national economy. (Tr. 29, Finding 12).

This Court recommended remand for several reasons which called into question the thoroughness and fairness of the process. It was not simply an issue of whether Plaintiff had an absolute right to cross-examine a certain expert. Further, the record revealed that the VE who testified was imprecise and unprepared, which resulted in a waste of resources on multiple hearing days and this appeal. At the first ALJ hearing on December 1, 2003, the VE did not produce Dictionary of Occupational Title ("DOT") codes for the positions he identified. (Tr. 73-74). The VE later produced the codes to the ALJ who formally proffered the evidence to Plaintiff's counsel by letter. (Tr. 209, 210-11). In response, Plaintiff's counsel requested a supplemental hearing (Tr. 212) which was granted and held on February 6, 2004. (Tr. 76-100). That first supplemental hearing was far from straight-forward, and significant time was spent sorting out errors in the VE's submission of DOT codes. (Tr. 213-214). The first supplemental hearing was sufficiently confusing that the ALJ concluded by advising Plaintiff's counsel that "you get a threepeat", i.e., a second supplemental hearing. (Tr. 99).

At the first supplemental hearing, the VE never testified as to the numbers of jobs he identified that exist in the regional economy. Thus, by letter dated March 10, 2004, the ALJ requested that data from the VE and asked him to provide a copy to Plaintiff's counsel. (Tr. 251). Unfortunately, the ALJ noted an incorrect address (650 Westminster Street) for Plaintiff's counsel (Tr. 251) and, as a result, the VE sent his response to the incorrect address. (Tr. 252). The ALJ sent

prior letters to Plaintiff's counsel at the correct address (685 Westminster Street), so the Commissioner had the correct address on file.

Thus, Plaintiff's counsel never received the VE's March 18, 2004 submission or any formal proffer of such evidence from the ALJ. The ALJ also never scheduled the promised "threepeat" hearing. Rather, approximately one month later, on April 30, 2004, the ALJ ruled against Plaintiff at Step 5 and specifically relied upon the VE's March 18, 2004 submission in his decision. (Tr. 28 at n.2.). Plaintiff's counsel had no notice of that submission and no opportunity to request a further hearing to cross-examine the VE on this data or even an opportunity to submit written argument regarding the data.

This was not a case where a claimant requested the right to cross-examine evidence and the ALJ denied the request after considering the legal and factual basis for the request. Rather, it is a case where the evidence was not disclosed to Plaintiff's counsel, she had no opportunity to request cross-examination or otherwise contest the evidence on Plaintiff's behalf, and the ALJ relied upon the evidence in his decision. The Commissioner should have recognized the fundamental procedural unfairness of this series of errors long ago and voluntarily remedied the matter with a remand instead of engaging in protracted litigation defending such errors. The Commissioner's position was not substantially justified, and Plaintiff is entitled to an award of fees under EAJA.

Plaintiff's counsel does not seek an award of costs in this matter. She seeks an award of $4,371.00 in fees. Although the Commissioner contested an award of any fees, she did not specifically challenge the hourly rate or total fee requested by Plaintiff's counsel. A review of the file in this case reveals that Plaintiff's total request is reasonably related to the total work performed but not reasonably related to the degree of success achieved. In addition to his procedural attack,

Plaintiff also made other substantive attacks on the ALJ's RFC assessment which were not successful. Since Plaintiff prevailed on his procedural challenge but failed on his substantive challenges, this Court recommends that Plaintiff's counsel be awarded one-half of her requested fees, or a total of $2,185.50. See Willoughby v. Chater, 930 F. Supp. 1466, 1469 (D Utah 1996) (EAJA fee award in Social Security case cut in half where plaintiff prevailed on only one of two main issues raised); Groves v. Heckler, 599 F. Supp. 830 (M.D. Pa. 1984) (same); and Fincke v. Heckler, 596 F. Supp. 125, 130 (D. Nev. 1984) (same but reduction of 40%).

## Conclusion

For the reasons discussed above, this Court recommends that Plaintiff's Motion for Attorneys' Fees under EAJA (Document No. 13) be GRANTED, in part, in the total amount of $2,185.50. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(c). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 8, 2006